RECEIPT # _____
AMOUNT $ 150—
SUMMONS ISSUED 3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5-19-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL E. MONE, )
    Plaintiff, )
)
v. )   04-11009 GAO
)
DEPARTMENT OF THE NAVY, )
    Defendant. )   MAGISTRATE JUDGE Cohen
)

## COMPLAINT

### Count One

1. The Plaintiff, Michael E. Mone ("Mone"), is citizen of the Commonwealth of Massachusetts and a partner in the law firm of Esdaile, Barrett & Esdaile, with a principal place of business in Boston, Massachusetts.

2. The Defendant, the Department of the Navy ("Navy") is a governmental agency subject to the terms of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Mone represents four individuals, Frederick Babcock, John Kelley, Joseph Canney and Thomas Gregorio ("Clients") concerning injuries each man suffered on January 5, 2002, in the course of their duties as members of the Brookline Fire Department.

5. On January 5, 2002, the Clients were stationed at Northeastern University's Parsons Field in Brookline, Massachusetts, in order to participate in a rehearsal helicopter landing being performed in preparation for President George W. Bush's planned January 8, 2002, arrival in the Boston area. The rehearsal involved several helicopters in the area of Parsons Field.

6. As the Clients stood on the field, the rotor wash from one or more of the helicopters involved in the rehearsal caused an outbuilding on Parsons Field to collapse. Debris from this collapse struck each of the Clients, seriously injuring each man.

7. On June 11, 2002, Mone sent FOIA requests to the United States Secret Service and to the United States Marine Corps, seeking copies of "any and all documents that pertain[ed] to the events and/or investigation associated with" the January 5, 2002 accident. See Tab 1.

8.  In response to these requests, on September 12, 2002, Mone was informed by a representative of the Marine Corps that the rehearsal was coordinated by members of HMX-1, the unit responsible for the Presidential helicopter, but was given no other information about the incident or any investigation into the incident. See Tab 2.

9.  On November 1, 2002, after his FOIA requests had been redirected to the Department of the Navy, Mone was informed by a Navy representative that his request was denied in its entirety. See Tab 3. Although the written denial indicated that a Manual of the Judge Advocate General investigative report ("JAGIR") had been prepared in connection with the January 5, 2002, incident, the Navy declined to produce either the report or any information included in it on the grounds that the report was attorney work product, exempt from disclosure under 5 U.S.C. § 552(b). See id.

10. On December 19, 2002, Mone appealed the Navy's denial of his FOIA request. See Tab 4. Mone argued that the JAGIR was not protected from disclosure and, alternatively, even if portions of the report were protected, that the Navy is obligated under the FOIA to produce all non-privileged information included in the JAGIR. See id.

11. On January 29, 2003, the Navy issued a final denial of Mone's appeal. See Tab 5.

12. Mone brings this action seeking judicial review of the Navy's refusal to provide him with any of the materials requested under Mone's June 11, 2002 FOIA request.

WHEREFORE, the Plaintiff, Michael E. Mone, brings this action against the Department of the Navy and prays that the Court order the Defendant to produce the documents sought by the Plaintiff and that the Court order such other equitable relief as is appropriate and necessary.

Respectfully submitted,
The Plaintiff,

Michael E. Mone, BBO No. 351680
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904
(617) 482-0333

DATED: 5/18/04

2