**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MICHAEL E. MONE<br>　　Plaintiff | * | |
| | * | CIVIL ACTION |
| v. | | |
| | * | CASE NUMBER: 04-11009 |
| DEPARTMENT OF THE NAVY<br>　　Defendant | * | |
| | * | |

\* \* \*

**<u>DECLARATION OF CAPTAIN PAUL M. DELANEY, JAGC, USN</u>**

DECLARANT, states as follows, to wit:

1. THAT, I am PAUL M. DELANEY, Captain, Judge Advocate General's Corps, United States Navy, presently on active duty as a judge advocate and serving as Deputy Assistant Judge Advocate General (Claims, Investigations and Tort Litigation Division), Office of the Judge Advocate General, Department of the Navy, 1322 Patterson Avenue, SE, Suite 3000, Washington Navy Yard, DC 20374-5066.

2. THAT in this position, I am responsible for the supervision and monitoring of the practices and procedures of investigations conducted pursuant to the Manual of the Judge Advocate General (JAGMAN), of administrative claims presented to the Department of the Navy, including the United Stated Marine Corps, under the Federal Tort Claims Act (28 U.S.C. § 1346(b), 2401(b), and 2671-2680 (2004)), and of all litigation arising from such claims in Federal District Court.

3. THAT I have reviewed the Complaint in this case and have knowledge of the Litigation Report investigation at issue in this case. Specifically, the Plaintiff seeks access to a Litigation Report JAGMAN Investigation that was prepared in anticipation of Federal Tort Claims Act litigation and for the purpose of assisting attorneys representing the interests of the United States.

4. THAT a Litigation Report is prepared in accordance with Chapter 2 of the Manual of the Judge Advocate General (JAGMAN) for the express purpose of defending the litigation interests of the United States. An Investigating Officer with appropriate subject matter expertise is ordered to conduct the investigation in conjunction with a Government attorney. For the Litigation Report Investigation in this case, Major Robert B. Skankey,

1

USMC, was the Investigating Officer, and Major Eric C. Rishel, USMC, a judge advocate, was the supervising Government attorney.

5. THAT the JAGMAN provides Department of the Navy policy and guidance for the preparation of Litigation Report investigations. Specifically, section 0209 of the JAGMAN describes the purpose of these reports and states that they are created as Attorney Work Product, judicially recognized as such, and required to be handled accordingly by Department of the Navy personnel. (A true and correct copy of section 0209 of the JAGMAN is attached hereto as Exhibit A.)

6. THAT the Judge Advocate General is responsible for the administration and supervision of the resolution of claims involving the Department of the Navy and is the ultimate agency authority for the use and retention of Litigation Reports prepared pursuant to the JAGMAN. The Judge Advocate General delegated these authorities to the Deputy Assistant Judge Advocate General (Claims, Investigations and Tort Litigation). As such, after a Navy or Marine command conducts a Litigation Report Investigation, the investigation is forwarded through the appropriate chain of command to the Judge Advocate General.

7. THAT the custody of the Litigation Report in this case was handled in accordance with the JAGMAN. Major Rishel and Major Skankey marked the Litigation Report as "Litigation/Attorney Work Product" and submitted it to Commanding Officer, Marine Helicopter Squadron One, who forwarded it to the Commanding General, Marine Corps Base Quantico, Virginia, in care of the Staff Judge Advocate. That commander then forwarded the report to the Judge Advocate General of the Navy.

8. THAT according to Navy policy and procedures, a Litigation Report is a privileged document from its inception and is treated as Attorney Work Product. This privilege encompasses not only the analyses, opinions, and recommendations of the Investigating Officer, but the document in its entirety, including all factual information and enclosures. The selection and inclusion of specific material out of an infinite universe of potential facts reflects the mental impressions, conclusions, opinions and legal theories of the Investigating Officer and the supervising attorney. It is immaterial that this information may be publicly available outside of the investigation. Within the context of the investigation, all decisions about what to include and all included information are handled as confidential attorney work product.

9. THAT the "seed" for a Litigation Report may be a document such as a police report, medical record or other factual material available to the Investigating Officer upon his or her initial appointment. From that point on, the entire focus and scope of the Litigation Report is based upon the professional interpretation and opinions of the Investigating Officer, within the context of the supervising attorney's direction and legal counsel. The

opinions of the Investigating Officer and the supervising attorney are reflected in the selection of persons to interview, the focus of inquiry, the selection of consulting experts, and every other decision related to the investigation. All of these decisions stem from interpretations of the information gathered as part of the investigative process. Therefore, any document, interview, or fact that is selected for inclusion in the Litigation Report transcends "mere fact" and is privileged Attorney Work Product.

10.   THAT the supervising attorney for the Litigation Report in this case drafted it with the following sections: Preliminary Statement; Findings of Fact; Opinions; and Recommendations. The attorney selected the items to include in the Findings of Fact based upon their relevance and support of his opinions and recommendations.

11.   THAT the release of any Litigation Report is exclusively within the authority of the Judge Advocate General. To the extent that Plaintiff contends that this Litigation Report was released by anyone other than the Judge Advocate General or his authorized designee, such a release was wholly unauthorized.

I declare under penalty of perjury that the foregoing is true and correct.

_8/17/04_
Date

_[signature]_
PAUL M. DELANEY
Captain, JAGC, U.S. Navy

and protecting original evidence.)

**0209 TYPE TWO: LITIGATION-REPORT INVESTIGATIONS**

a. <u>Purpose</u>. Investigations serve many purposes but when an incident or event is likely to result in claims or civil litigation against or for DON or the United States (see chapter VIII of the Manual for more information on claims and/or chapter XII, section 1205, concerning admiralty incident investigations when litigation is anticipated), the primary purpose of the resulting investigation is often to prepare to defend the legal interests of the Department and the United States. A command should contact a judge advocate at the earliest opportunity prior to commencing a litigation-report investigation to determine if a litigation-report investigation is the appropriate type of investigation to be conducted under the circumstances. Investigations into such incidents must be conducted under the direction and supervision of a judge advocate, and protected from disclosure to anyone who does not have an official need to know. When investigations are conducted in anticipation of litigation, but are not conducted under the direction and supervision of a judge advocate or are handled carelessly, legally they cannot be protected from disclosure to parties whose litigation interests may be adverse to the interests of the United States. In such an event, the materials gathered during the investigation become evidence even if subsequently proven incorrect or inaccurate. It is imperative, therefore, that litigation-report investigations be conducted in accordance with the rules that follow.

b. <u>Comparison with command investigations</u>

(1) Unlike a command investigation, a litigation-report investigation must be --

(a) convened only after consultation with a cognizant judge advocate;

(b) conducted under the direction and supervision of that judge advocate;

(c) conducted primarily in anticipation of claims or litigation; and

(d) forwarded to the Judge Advocate General.

(2) Like a command investigation, a litigation-report investigation --

(a) may not be used to investigate a major incident;

(b) may not have designated parties; and

(c) does not involve hearings.

c. <u>Responsibilities</u>

(1) After consulting a judge advocate, an officer in command is responsible for initiating litigation-report investigations into incidents involving the command or its personnel. The cognizant judge advocate, however, is responsible for supervising the conduct of the investigation. This does <u>not</u> mean that the judge advocate is the investigating officer, but it does mean that the investigating officer works under the direction and supervision of the judge advocate while conducting the investigation.

(2) The cognizant judge advocate may request the assistance of the CA or ask the CA to request help from superiors in the CA's chain-of-command when circumstances such as pending deployments, geographic separation, or military exigencies prevent a thorough investigation from being conducted or completed. Such requests should contain all relevant information and indicate that the investigation is being conducted in contemplation of litigation (see section 0209d(2)), and should be processed accordingly.

(3) Whenever more than one command is involved in an incident requiring a litigation-report investigation, a single investigation under the supervision of a single judge advocate should be conducted. All concerned activities shall cooperate in the investigation. If difficulty arises in determining the appropriate CA, then the matter shall be referred for resolution to the common superior having a judge advocate on staff.

(4) When service members or their family members are injured by third parties and admitted to a naval medical treatment facility, the facility commanding officer shall report such incidents, not under known investigation. Such incidents shall be reported to the member's command, to the area coordinator, or to the designated subordinate

2-14

commander, and to the legal service office in whose geographic area of responsibility the incident occurred, so that any necessary investigation may be made. (See Chapter VIII.)

d. <u>Convening order</u>

(1) The convening order shall identify the judge advocate under whose direction and supervision the investigation is to be conducted. The convening order shall direct the investigating officer to report to that judge advocate before beginning to collect evidence, and to comply with the judge advocate's direction and supervision thereafter. Opinions or recommendations will <u>not</u> be requested in the convening order. (To protect their confidentiality, opinions and recommendations should be requested or written by the supervising judge advocate.) The order shall specify when the investigative report is due.

(2) The order shall state specifically that: "This investigation is being convened and your report is being prepared in contemplation of litigation and for the express purpose of assisting attorneys representing the interests of the United States in this matter."

(3) The order shall caution the investigating officer that the investigation's conduct and results may be discussed only with personnel having an official need to know. The order may identify potential witnesses and other sources of information. Parties may <u>not</u> be designated.

(4) A sample convening order is shown in appendix A-2-d.

e. <u>Method</u>

(1) A litigation-report investigation shall --

(a) be convened in writing;

(b) be conducted by one or more persons in DON under the direction and supervision of the cognizant judge advocate;

(c) collect evidence by personal interviews, telephone inquiries, written correspondence, or other means;

(d) be documented in writing in the manner prescribed by the cognizant judge advocate (see appendix A-2-d for a sample); and

(e) shall <u>not</u> contain statements signed by witnesses. (Signed statements are subject to discovery and release to opposing parties in civil litigation even if provided to an attorney.)

(2) During the course of a litigation-report investigation, the investigating officer shall be guided by the cognizant judge advocate and shall consult frequently as the investigation progresses. When it is necessary to obtain evidence such as expert analyses, outside consultant reports, and so forth, the judge advocate should sign the necessary requests. The investigating officer shall present the preliminary findings to the judge advocate for review. The judge advocate may direct the investigating officer to provide opinions and recommendations or the judge advocate may write the opinions and recommendations.

(3) When the report is compiled, it shall be marked "FOR OFFICIAL USE ONLY: LITIGATION / ATTORNEY WORK PRODUCT" and be signed by both the investigating officer and the cognizant judge advocate.

f. <u>Time limitations</u>. The CA will prescribe when the report is due, normally 30 days from the date of the convening order. The CA may grant extensions at the request of the cognizant judge advocate. Requests and authorizations need not be in writing but should be memorialized in the preliminary statement.

g. <u>Action</u>

(1) Upon receiving a litigation-report investigation report, the CA shall review the report or cause it to be reviewed, and either endorse the report in writing or return it to the cognizant judge advocate for further inquiry. In the CA's endorsement, comment may be provided on those aspects of the report that bear on the administration or management of the command. The CA should, for example, indicate what corrective action, if any, is warranted and has been or will be taken. The CA shall not normally approve or disapprove the findings of fact. If the CA is dissatisfied with the findings, the CA may return the report to the cognizant judge advocate for additional information. The CA shall state in the endorsement where the original evidence is preserved and provide

the name and telephone number of the responsible official (see section 0214c for further information on the safekeeping of evidence). The CA's endorsement shall be marked: "FOR OFFICIAL USE ONLY: LITIGATION / ATTORNEY WORK PRODUCT."

(2) The CA shall retain a copy of the report and forward the original to the Judge Advocate General (Code 15), Department of the Navy, 1322 Patterson Avenue SE Suite 3000, Washington Navy Yard, DC 20374-5066, via the staff judge advocate of the GCMCA in the chain-of- command. The copy must be kept in a file marked "FOR OFFICIAL USE ONLY: LITIGATION/ATTORNEY WORK PRODUCT" and be safeguarded against improper disclosure. The CA will provide superiors in the chain-of-command and other commands which have a direct official need to know the results of the investigation, such as the local legal service office, with a copy of the report but shall not otherwise disseminate the report without consulting a judge advocate.

(a) Copies of investigations of incidents, other than "Health Care Incidents" (see section 0251), in which the adequacy of medical care is reasonably at issue and which involve significant potential claims, permanent disability, or death shall be provided to the Chief, Bureau of Medicine and Surgery.

(b) If an investigation involves a claims matter or redress of injuries to property under Article 135, UCMJ, see Chapter IV.

(c) See section 0218 for additional information on routing copies.

(3) The CA's action on the report should be completed within 20 days of receiving the report.

h. Review

(1) Superiors in the chain-of-command who receive a copy of a litigation-report investigation may, but are not required to, comment on the report. They should, however, take such action as may be warranted. They will not normally approve or disapprove the findings of fact. Copies must be kept in files marked "FOR OFFICIAL USE ONLY: LITIGATION/ ATTORNEY WORK PRODUCT" and safeguarded against improper disclosure. Copies may be provided to other commands which have an official need to know the results of the investigation but the report shall not be otherwise disseminated without consulting a judge advocate.

(2) Staff judge advocates through whom litigation-report investigations are routed shall review the report for accuracy and thoroughness, coordinate any further investigation with the cognizant judge advocate or JAG, and forward the report not later than 30 days after it is received. The report need not be forwarded to JAG via formal endorsement.

0210 TYPE THREE: COURTS AND BOARDS OF INQUIRY

a. Overview. Courts and boards of inquiry use a hearing procedure and should be reserved for the investigation of major incidents (as that term is defined in Appendix A-2-a) or serious or significant events. Additional information on the characteristics and conduct of courts and boards of inquiry is set forth in JAGINST 5830.1 series. It there is a conflict with that instruction, this Manual controls.

b. Court of Inquiry characteristics

(1) Convened by persons authorized to convene general courts-martial or so designated by the Secretary of the Navy. (See Article 135, UCMJ.)

(2) Consists of at least three commissioned officers as members and has appointed legal counsel for the court. It may also include advisors appointed to assist the members and non-voting members. (See subsection d below for additional information on advisors and non-voting members.)

(3) Convened by written appointing order.

(4) Uses a hearing procedure. Takes all testimony under oath and records all open proceedings verbatim, except arguments of counsel, whether or not directed to do so in the appointing order.

(5) Designates as parties persons subject to the UCMJ whose conduct is subject to inquiry (see Appendix A-2-b).

(6) Designates as parties persons subject to the UCMJ or employed by the Department of Defense who have a direct interest in the subject under inquiry