## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **MICHAEL E. MONE** | * | |
| **Plaintiff** | | |
| | * | **CIVIL ACTION** |
| **v.** | | |
| | * | **CASE NUMBER: 04-11009** |
| **DEPARTMENT OF THE NAVY** | * | |
| **Defendant** | | |
| | * | |

\*    \*    \*

## <u>DECLARATION OF MAJOR ERIC C. RISHEL, USMC</u>

DECLARANT, states as follows, to wit:

THAT, I am ERIC C. RISHEL, Major, United States Marine Corps, presently on active duty as a judge advocate and serving in the Office of the Staff Judge Advocate for the Commandant, United States Marine Corps, Washington, DC. I am certified and qualified to serve as a judge advocate by the Judge Advocate General of the Navy based on my status as an attorney admitted to the bar of a State's highest court, as a graduate of the Naval Justice School, and as an officer in the United States Marine Corps.

THAT in January, 2002, I was serving in the Office of the Staff Judge Advocate for the Commanding General, Marine Corps Base Quantico, Virginia. In that capacity, I was an attorney representing the interests of the Department of the Navy and the United States. Accordingly, I regularly provided legal advice and counsel to Marine commands located on that base, including Marine Helicopter Squadron One.

THAT in January, 2002, Major Robert B. Skankey, USMC informed me that the Commanding Officer of Marine Helicopter Squadron One had appointed him to investigate the circumstances surrounding the incident that occurred on January 5, 2002, during a rehearsal flight in Brookline, Massachusetts. In this regard, he asked for my legal advice before beginning the investigation in accordance with the Manual of the Judge Advocate General (JAGMAN).

THAT I advised Major Skankey and Marine Helicopter Squadron One that the investigation should be in the format of a Litigation Report as prescribed by the

1

JAGMAN. I made this recommendation based on the following factors. First, the incident reportedly involved personal injuries and property damage to civilians. Second, Marine Corps personnel may have been involved in the incident in the course of their official duties. Third, these injuries and damages might result in claims or litigation against the Department of the Navy, specifically under the Federal Tort Claims Act. Fourth, the anticipation of claims and litigation surrounding the incident required an investigation, separate from any routine mishap investigation, for the purpose of assisting attorneys who represent the interests of the United States in any such future claims or litigation. Fifth, the JAGMAN requires that all Litigation Reports be conducted under the supervision of an attorney and within the umbrella of Attorney Work-Product privilege for the above purpose.

THAT based on my recommendation, the Commanding Officer, Marine Helicopter Squadron One verbally ordered Major Skankey to conduct his investigation as a Litigation Report Investigation under the JAGMAN and appointed me to direct and supervise the investigation in my capacity as a Marine judge advocate.

THAT in my capacity as a Marine judge advocate, I directed and supervised Major Skankey as the investigating officer of the above incident. In this regard, I directed who the investigating officer chose to interview, where he focused his expertise, who he chose to consult as an expert, the taking of photos, and every other decision related to conduct of the investigation. I was the primary author of the Litigation Report and determined which exhibits to include in the report. It was not written as a routine command investigation related to administrative decisions. Rather, I prepared the Litigation Report and chose its enclosures as my attorney work-product in anticipation of claims and litigation against the Department of the Navy and the United States.

I declare under penalty of perjury that the foregoing is true and correct.

AUG 8, 2004
Date

ERIC C. RISHEL
Major, USMC