```
                    United States District Court
                      District of Massachusetts
_____
                              )
MICHAEL E. MONE,              )
                              )
        Plaintiff,            )
                              )    Civil Action No.
        v.                    )    04-11009-NMG
                              )
DEPARTMENT OF THE NAVY,       )
                              )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The present dispute arises from a request of Attorney Michael E. Mone ("Attorney Mone") to the Department of the Navy ("the Navy") pursuant to the Freedom of Information Act ("FOIA"). Attorney Mone seeks to obtain a report generated by the Navy which allegedly contains information germane to ongoing litigation he has commenced on behalf of clients for whom he claims damages for injuries allegedly suffered at the hands of the Navy. The defendant responds that the report is exempt from disclosure under FOIA and now moves for summary judgment (Docket No. 6).

I.  **Factual Background**

The relevant facts are not in dispute. Attorney Mone represents several clients that were injured on January 5, 2002

on a field where the United States Marine Corps was rehearsing a helicopter landing in preparation for a presidential visit. Attorney Mone filed suit on behalf of his clients against the Navy claiming damages under the Federal Tort Claims Act, 28 U.S.C. § 1346.

Discovery ensued and Attorney Mone made a FOIA request to the Navy for copies of all documents related to the event. On September 12, 2002, the Navy informed Mone that a "litigation report" ("the Report") had been prepared concerning the incident but that it would be withheld from disclosure pursuant to 5 U.S.C. § 552(b)(5) because it constituted attorney work product.

Mone appealed the denial and it was affirmed by a Deputy Assistant Judge Advocate General who held that the Report was exempt from disclosure because it: 1) consists of attorney work product and 2) falls under the deliberative process privilege.

On May 19, 2004, Attorney Mone filed the instant action seeking judicial review of that denial. On August 20, 2004, the Navy moved for summary judgment and filed supporting affidavits of:

>   1) Major Eric C. Rishel, USMC ("Major Rishel"), an attorney, who states that he recommended and supervised the preparation of the report following the January 5, 2002 incident based, in part, upon the expectation of ensuing litigation; and

    2) Captain Paul M. Delaney, JAGC, USN ("Captain Delaney") who describes Navy procedures for generating litigation reports and emphasizes that they are designed to be treated as attorney work product.

Attorney Mone opposes the motion and requests that the Court grant him immediate access to the Report.

## II. Legal Analysis

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could

return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor.  O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**B.   Analysis**

The FOIA requires government agencies to "make . . . promptly available to any person, upon request, whatever records the agency possesses unless those records fall within an exemption". Church of Scientology Int'l v. United States Dept. of Justice, 30 F.3d 224, 228 (1st Cir. 1994)(citing 5 U.S.C. § 552).  One such exemption applies to:

> inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

5 U.S.C. § 552(b)(5).

That exemption is interpreted to provide protection to

"documents that normally are privileged from civil discovery." State of Maine v. United States Department of the Interior, 298 F.3d 60, 66 (1st Cir. 2002)(citation omitted). The attorney work product doctrine and the deliberative process privilege both offer potential grounds for exemption under the statute. State of Maine, 298 F.3d at 66 (recognizing attorney work product as being within the scope of § 552(b)(5)); Church of Scientology Int'l, 30 F.3d at 228 (same for deliberative process privilege).

    1.   Attorney Work Product

A document may be withheld as constituting attorney work product if it was "prepared under the direction of an attorney in contemplation of litigation." Church of Scientology Int'l, 30 F.3d at 236. In the First Circuit, a document is considered to have been prepared "in contemplation of litigation" if:

> in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.

State of Maine, 298 F.3d at 69 (emphasis in original). In adopting that rule, the First Circuit explicitly rejected a more stringent test that would have protected a document only upon a showing that the prospect of litigation was the "primary motivating factor" for its creation. Id. at 67.

In this case, the affidavits submitted by the Navy make clear that the report was prepared under the direction of an attorney (Major Rishel). Thus, the relevant inquiry concerns

whether it was created "because of" the prospect of litigation.

In his affidavit, Major Rishel lists five reasons for which the report was created, including that "injuries and damages might result in claims . . . under the Federal Tort Claims Act" and that "the anticipation of claims and litigation surrounding the incident required an investigation . . . for the purpose of assisting attorneys". Plaintiff has offered no evidence to call those stated reasons into question. See Fed.R.Civ.P. Rule 56(e) (once the moving party has satisfied its burden, the other party must offer evidence to resist summary judgment). In the absence of such evidence, the stated reasons are sufficient to establish that the report was generated "because of" the prospect of litigation.

The fact that the report may also have been created for reasons other than litigation does not alter the above conclusion because it is not necessary that the prospect of litigation was the sole or "primary purpose" for the report's creation. Id. Accordingly, the report constitutes attorney work product.[1]

    2.   Segregable Factual Material

Where the § 552(b)(5) exemption under Title 5 of the United States Code applies to a document, FOIA nonetheless requires that "all reasonably segregable, non-exempt portions of any agency

---

[1] In light of that finding, Court declines to address the Navy's other ground for withholding the report, i.e. the deliberative process privilege.

record must, after deletion of the exempt material, be disclosed to a requester." Church of Scientology Int'l, 30 F.3d at 228 (citing 5 U.S.C. § 552(b)); Com. of Massachusetts v. United States Dept. of Health and Human Servs., 727 F.Supp. 35, 44 (D.Mass. 1989)("factual material must be disclosed but advice and recommendations may be withheld"). That rule applies regardless of the nature of the privilege being asserted (e.g. attorney work product or deliberative process privilege). Id. at 237.

In this case, the record before the Court does not exclude the possibility that the Report contains factually segregable material. The most efficient way for the Court to determine whether the Report contains such material is to examine it. Therefore, the Court will conduct an in camera review of the Report and decide which parts, if any, should be disclosed.

### ORDER

In accordance with the foregoing, the defendant shall contact the Deputy Clerk for this session, Craig Nicewicz, to arrange for the filing of the Report for examination by the Court, in camera.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 26, 2005