UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL E. MONE

     Plaintiff,

v.                                                                                         Civil Action No. 04-11009-NMG

DEPARTMENT OF NAVY

     Defendant

_____

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

At issue in this Freedom of Information Act ("FOIA") case is a single document: a litigation report prepared by the Navy following a helicopter crash on January 5, 2002. In its January 26, 2005, Memorandum and Order, the Court held that the litigation report "constitutes attorney work product" because the affidavits submitted by the Navy made clear that "the report was prepared under the direction of an attorney" and that the stated reasons for the litigation report were "sufficient to establish that the report was generated 'because of' the prospect of litigation." Id. at 5, 6. Despite finding that the report was protected by the attorney work product privilege, the Court nonetheless ordered defendant to provide the Court with the litigation report for *in camera* review, stating that "the record before the Court does not exclude the possibility that the Report contains factually segregable material." Id. at 7.

The Court correctly observes that the FOIA imposes an obligation on agencies to disclose "all reasonably segregable non-exempt portions of any agency record." By ordering an *in camera* review of a document already found as a whole to constitute work product, however, the Court misapprehends the nature of this requirement as it applies here. There is a distinction between the segregability requirement in cases where an agency claims the deliberative process or attorney-client privilege, and one where the agency claims the attorney work product

privilege, especially where, as here, this Court has already determined the document is work product.

The Court relied on Church of Scientology Int'l v. United States Dep't of Justice, 30 F.3d 224 (1st Cir. 1994), for the principle that "all reasonably segregable, non-exempt portions of any agency record must, after deletion of the exempt material, be disclosed to a requested." 30 F.3d at 228. In Church of Scientology, however, the First Circuit concluded the defendant had not established that the requested documents were protected as a whole under Exemption (b)(5), in part because it did not agree with the district court that defendant's description of the document in the declaration submitted, "was sufficient to validate the [ ] decision to withhold the entire document," and did not "disclose the nature of the document" so that the court could determine "whether all of the factual material ... is integrated into the document as part of the attorney's pre-trial work, in which event it appropriately could be withheld." Id. at 236-237 (citing Mervin v. FTC, 591 F.2d 821 (D.C. Cir. 1978)). Significantly, the First Circuit's decision depended on its central factual finding that the defendant did not make clear whether Exemption (b)(5) was "intended to justify withholding of the entire document," and provided no correlation between the three claimed exemptions and specific portions of the document. Id. at 237. Thus, the First Circuit distinguished the facts in Church of Scientology from those in Mervin, where the defendant's supporting affidavits clearly asserted the work product privilege for the entire document.

The Mervin court recognized that where factual material is "incidental to and bound up with" attorneys' discussion of litigation strategy in actively preparing a defense to litigation, and sworn affidavits "establish[] that the 'factual material' is actually privileged attorney work-product, further inquiry is not necessary." Mervin, 591 F.2d at 826. This Court specifically

found that the affidavits by Major Rishel and Captain Delaney "make clear" that the entire litigation report was prepared as work product under the direction of an attorney. The facts of this case are therefore directly analogous to those in Mervin and distinguishable from those in Church of Scientology. The Navy here has asserted the work product privilege over the entire document, and the declarations of Major Rishel and Captain Delaney explain specifically the correlation between the asserted exemption and the components of the report. Accordingly, *in camera* review of the litigation report is not necessary or required. See Mervin, 591 F.2d at 826.

The Court also cited Com. of Massachusetts v. U. S. Dep't of Health and Human Servs., 727 F.Supp. 35, 44 (D. Mass. 1989) for the proposition that "factual material must be disclosed but advice and recommendations may be withheld." Com. of Massachusetts addressed the deliberative process privilege, however, not the attorney work product privilege under Exemption (b)(5). Because the deliberative process privilege only applies to material which is deliberative, it is frequently the case that a document which contains deliberative material will also include nondeliberative, factual material which must be released. Thus, for deliberative process claims, it is incumbent upon the agency to review the contents of the documents for which it is claiming the privilege, and to segregate out and release any portions which are nondeliberative.

In contrast, the attorney work product privilege under Exemption (b)(5), contains no factual versus deliberative distinction. Tax Analysts v. I.R.S., 117 F.3d 607, 620 (D.C. Cir. 1997) (stating that "[t]he work product doctrine . . . protects factual materials prepared in anticipation of litigation."). See A. Michael's Piano v. F.T.C., 18 F.3d 138, 147 (2d Cir. 1994) ("The work product privilege draws no distinction between materials that are factual in nature and those that are deliberative."); Norwood v. FAA, 993 F.2d 570, 576 (6th Cir. 1993) (holding

3

that work product privilege protects documents regardless of status as factual or deliberative); Nadler v. U.S. Dep't of Justice, 955 F.2d 1479, 1492 (11th Cir. 1992) ("[U]nlike the deliberative process privilege, the work-product privilege encompasses factual materials."); Martin v. Office of Special Counsel, 819 F.2d 1181, 1187 (D.C. Cir. 1997) ("The work product privilege simply does not distinguish between factual and deliberative material."). Thus, there is no analogous possibility that portions of a work product document will not qualify for the privilege under Exemption (b)(5). Segregability review for a work product document consists only of determining whether a document qualifies for the privilege, *i.e.*, whether it was prepared by or at the direction of an attorney in reasonable anticipation of litigation. If that burden is met, as this Court has ruled, then no further segregability review is required or appropriate.

   This conclusion follows because the work product privilege "protects 'mental processes of the attorney'," Dep't of Interior v. Klamath Water Users Protective Ass'n., 532 U.S. 1, 8 (2001) (citing United States v. Nobles, 422 U.S. 225, 238 (1975)), and unquestionably the inclusion of factual material in a litigation report – both the decision to include it and the selection of what to include – embodies those mental processes. Under these circumstances, "[t]he attorney work-product privilege protects entire documents prepared in contemplation of litigation, not just opinions and recommendations." Crooker v. Tax Div. of U.S. Dep't of Justice, 1995 WL 783236, *15 (D.Mass. 1995), citing United States v. Weber Aircraft Corp., 465 U.S. 792 (1984); and F.T.C. v. Grolier, Inc., 462 U.S. 19 (1983); and Delaney, Migdail, & Young, Chartered v. IRS, 826 F.2d 124 (D.C. Cir. 1987). As Captain Delaney states in his Declaration, "The selection and inclusion of specific material out of an infinite universe of potential facts reflects the mental impressions, conclusions, opinions and legal theories of the Investigating Officer and the supervising attorney. It is immaterial that this information may be publicly

available outside of the investigation." Delaney Declaration at ¶ 8. See also id., ¶ 9.

In Church of Scientology the First Circuit acknowledged that "factual material contained within a document subject to the work product privilege often will be embraced within the privilege, and thus be exempt form disclosure." Church of Scientology, 30 F. 3d at 237 (citations omitted).  Here, any factual material attached to the litigation report cannot be segregated and disclosed without revealing attorney work product.  As established by the declarations, any "factual material" such as the selection of exhibits and the even the identity of witnesses the investigator decided to interview, reflect the thought processes, opinions and/or tactical and strategic legal evaluations that are protected by the work product doctrine.[1]

---

[1] Of course, among other discovery, plaintiff has or will be provided names of witnesses in his clients' tort suit.  Certainly, he may depose those witnesses.  Other factual material may be obtainable in the tort case.  Fed. R. Civ. P. 26 has its own standard for what showing must be made to obtain trial preparation materials in discovery, but neither that issue, nor even the consideration that plaintiffs are involved in tort litigation, is before this Court.  See State of Me. v. U.S. Dep't of Interior 298 F.3d 60, 66 (1st Cir. 2002). ("Although enacted to inform the public about government agencies' actions, FOIA 'was not designed to supplement the rules of civil discovery, and [a requester's] right to obtain information is neither enhanced nor diminished because of its needs as a litigant'.").

For the foregoing reasons, defendant submits that the Court should reconsider its January 26, 2005 Order that defendant provide the Court with its litigation report for *in camera* review.

By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Barbara Healy Smith
BARBARA HEALY SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3263

Dated: 9 February 2005

6