United States District Court
District of Massachusetts

_____
                                        )
MICHAEL E. MONE,                        )
                                        )
         Plaintiff,                     )
                                        )    Civil Action No.
         v.                             )    04-11009-NMG
                                        )
DEPARTMENT OF THE NAVY,                 )
                                        )
         Defendant.                     )
_____ )

MEMORANDUM & ORDER

GORTON, J.

    The present dispute arises from a request for information
propounded by Attorney Michael E. Mone ("Attorney Mone") to the
Department of the Navy ("the Navy") pursuant to the Freedom of
Information Act, 5 U.S.C. § 552 ("FOIA").  Attorney Mone seeks to
obtain a report generated by the Navy which allegedly contains
information germane to ongoing litigation he has commenced on
behalf of clients for whom he claims damages for injuries
allegedly suffered at the hands of the Navy.  The Court has now
reviewed the document in camera to determine whether it contains
segregable, non-exempt information suitable for disclosure.


I.   **Factual Background**

    Attorney Mone represents several clients who were injured on
January 5, 2002 on a field where the United States Marine Corps

-1-

was rehearsing a helicopter landing in preparation for a presidential visit. Attorney Mone filed suit on behalf of his clients against the Navy claiming damages under the Federal Tort Claims Act, 28 U.S.C. § 1346.

Discovery ensued and Attorney Mone made a FOIA request to the Navy for copies of all documents related to the event. On September 12, 2002, the Navy informed Mone that a "litigation report" ("the Report") had been prepared concerning the incident but that it would be withheld pursuant to 5 U.S.C. § 552(b)(5). Mone appealed that withholding but it was affirmed by a Deputy Assistant Judge Advocate General who held that the Report is exempt from disclosure because it consists of attorney work product and falls under the deliberative process privilege.

On May 19, 2004, Attorney Mone filed the instant action seeking judicial review of that denial. On August 20, 2004, the Navy moved for summary judgment and argued that the Report was protected by the attorney work product privilege and the deliberative process privilege.

On January 26, 2005, this Court entered a Memorandum and Order wherein it was stated that the Navy is entitled to invoke the attorney work product privilege with respect to the Report but that it remained unclear whether the entire document is privileged. Accordingly, the Court Ordered the Navy to produce the document for an in camera examination to determine whether it

contains segregable, non-exempt information.

## II.  <u>Legal Analysis</u>

Initially, the Court will clarify its Memorandum and Order dated January 26, 2005.  Contrary to the Navy's assertion in its Motion for Reconsideration (Docket No. 12), this Court did not find that the "<u>entire</u> litigation Report was prepared as work product" nor did it exclude the possibility that the Report's pages may contain unprivileged, segregable factual material. Indeed, the existence of that possibility is  precisely what warranted the <u>in</u> <u>camera</u> review.

The Court's statement that the Report "constitutes" work product was not intended to be understood to mean that it "consists entirely of" work product.  In fact, the Court explicitly recognized the possibility that the Report might contain segregable material (which is necessarily unprivileged). <u>See</u> <u>Judicial Watch, Inc.</u> v. <u>United States Dept. of Justice</u>, 337 F.Supp.2d 183, 184-85 (D.D.C. 2004)(denying government motion for reconsideration in analogous situation).  In any event, the Court determined that an <u>in</u> <u>camera</u> review of the Report was the most efficient way to resolve the matter.

### A.  Segregability Analysis

Pursuant to 5 U.S.C. 552(b), "any reasonably segregable portion of a record shall be provided to any person requesting

such record after deletion of the portions which are exempt".
Unprivileged information may only be withheld if it is
"inexorably intertwined with exempt portions" of the document.
Schiller v. National Labor Relations Board, 964 F.2d 1205, 1209
(D.C. Cir. 1992).  That requirement is designed to ensure that
the government does not shield non-exempt information from
disclosure simply by including it among privileged information.

    Where the FOIA exemption under consideration is the attorney
work product privilege, even purely factual material is often
protected from disclosure because "an important part of what is
protected by the privilege for attorney work-product is the
attorney's consideration and weighing of the facts".  Mervin v.
Federal Trade Commission, 591 F.2d 821, 826 (D.C. Cir.
1978)(citing Hickman v. Taylor 329 U.S. 495, 511 (1947)).  As
such, it is often true that the "wide-reaching protection for
attorney work-product runs headlong into FOIA's broad disclosure
and segregability requirements." Judicial Watch, Inc., 337
F.Supp.2d at 186.

    With these principles in mind, the Court has reviewed the
Report in camera and has found that the majority of the
information contained in it falls firmly within the scope of the
attorney work product privilege, i.e. writings and analysis of

attorneys.[1]  To the extent that the Report includes factual

information, disclosure is unwarranted because that information

is "inexorably intertwined" with Navy counsel's professional

opinion of what evidence is (or is not) important to the

litigation.  Plaintiff is not entitled to such information.  See

Hickman, 329 U.S. at 511.  Thus, the Report contains no

segregable, non-exempt information and summary judgment will be

allowed.

     There is one aspect of the Report, however, that presents a

less-obvious application of the attorney work product privilege

and, therefore, warrants additional brief comment.  The Report

contains several verbatim witness statements taken by Navy

counsel.  Some courts have suggested that such material is not

attorney work product because of its factual nature.  See e.g.

Mervin, 591 F.2d at 825 (D.C. Cir. 1978)(stating, in dicta, that

"a government attorney may not protect a verbatim witness

statement from disclosure . . . merely by including its text in a

memorandum prepared for use in litigation").

     On the other hand, other courts have held, in considering

segregability under FOIA, that such "factual work product" may

"sometimes be obtainable but only upon a showing of substantial

_____

     [1]Unfortunately, the nature of the Report (i.e. a document
containing privileged information) and the procedure (i.e. in
camera review) dictates that the Court decline to describe its
analysis in detail.

need and undue hardship."  <u>Hertzberg</u> v. <u>Veneman</u>, 273 F.Supp.2d 67, 81 (D.D.C. 2003).  An analogous view has been incorporated into the Federal Rules of Civil Procedure in the civil discovery context.  <u>See</u> Fed.R.Civ.P. 26(b)(3).

The view enunciated in <u>Hertzberg</u> is persuasive in this case because there is no evidence that the plaintiff could not simply conduct witness interviews to obtain information relevant to his case.  Accordingly, an intrusion by plaintiff into the Navy's litigation materials is unwarranted (under FOIA or in civil discovery) because it would be at odds with the principle that the attorney work product privilege seeks to protect.  <u>Hickman</u>, 329 U.S. at 511 ("Were such materials open to opposing counsel on mere demand . . . [i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases").

### ORDER

In light of the foregoing, the Navy's Motion for Summary Judgment (Docket No. 6) is **ALLOWED** and this case is **DISMISSED. So ordered.**

        /s/ Nathaniel M. Gorton
        Nathaniel M. Gorton
        United States District Judge

Dated February 25, 2005